JAMES GUNN *et ux. vs.* DANIEL F. KELLIHER, Administrator.

PROVIDENCE—JULY 8, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

At the time of the first publication of the notice of the defendant's appointment as administrator the statute provided that no action should be brought against any administrator after three years from the time of giving such notice. Pending settlement of the estate the statute was so amended as to make the limitation two, instead of three, years. Within three, but after more than two, years, action was brought against the administrator, and the latter statute was pleaded in bar :—

*Held,* that, as the three years limitation had begun to run it would continue to its termination under Gen. Laws R. I. cap 298, § 10.

*Held,* further, that the plea constituted no bar to the action.

ASSUMPSIT. Certified from the Common Pleas Division

and heard on plaintiff's demurrer to defendant's special plea in bar.

MATTESON, C. J.   This is an action of assumpsit brought against the defendant as administrator of the estate in this State of Peter M. Honeyman, late of Chilton, Wis., deceased. The writ is dated May 25, 1896.   The defendant pleaded the general issue, and by leave of court a special plea setting up the bar of General Laws R. I. cap. 218, § 9.   Gen. Laws R. I. took effect February 1, 1896, and cap. 218, § 9, provides : "No executor or administrator shall be held to answer to the suit of a creditor of the deceased, excepting suit on his bond or as is otherwise provided in this or the preceding title, unless such suit is commenced within two years from the date of the first publication of the notice of the qualification of the first executor or administrator."   The plea alleges that more than two years before the commencement of this suit, to wit, on February 6, 1894, at Providence, the defendant was duly appointed administrator of the goods, chattels and estate of the deceased in Rhode Island, and then and there accepted the trust ; that afterwards, within ten days from his acceptance of the trust, on, to wit, February 9, 10 and 12, 1894, he gave notice of his acceptance as by law required ; that the plaintiffs did not begin their suit against him until more than two years from the date of the first publication of the notice of his qualification.

To this plea the plaintiffs have demurred.

Pub. Stat. R. I. cap. 189, § 8, cap. 205, § 9, in force at the date of the appointment of the defendant as administrator, provided that no action should be brought against any administrator within one year after the grant of administration, nor after three years from such grant, except for certain causes not necessary to be adverted to, provided notice of his appointment should have been given according to law, such periods to be reckoned from the time of the giving of the notice.   As, therefore, the defendant was not appointed administrator, as recited in the plea, until February 6, 1894, the limitation of the statutes then in force did not begin to run

against the plaintiffs' cause of action until his qualification as administrator and the publication of the notice of his appointment on February 9, 1894. *Knowles* v. *Whaley*, 15 R. I. 97, 99. Consequently the plaintiffs' cause of action would not have been barred, by the statutes then in force, till February 9, 1897, had they continued in force, or more than a year after the General Laws took effect.

In support of the plea it is contended that this limitation was cut down by Gen. Laws R. I. cap. 218, § 9, from three years to two years, and that it expired therefore on February 9, 1896, more than three months prior to the bringing of this suit.

We do not think that this contention is correct. Gen. Laws R. I. cap. 298, § 10, enacts that " Whenever a limitation or period of time prescribed in any of the acts repealed by this chapter for the acquiring of any right or the barring of any remedy or for any other purpose shall have begun to run, and the same or any similar limitation is prescribed in the General Laws, the time of limitation shall continue to run and shall have the like effect as if the whole period had begun and ended under the operation of the General Laws." Pub. Stat. R. I. cap. 198, § 8, cap. 2, § 9, were repealed by Gen. Laws, cap. 298. Hence the limitation of three years prescribed by them is expressly continued by cap. 298 with the like effect as if the three years had begun and ended under the operation of the General Laws, *i. e.* with the like effect as if the General Laws, instead of the Public Statutes, had been in force when the limitation began, and as if it had continued to run under the General Laws to its termination.

We think, therefore, that the plea constitutes no defence to the action.

Demurrer sustained, plea overruled, and case remitted to the Common Pleas Division for further proceedings.

*Patrick J. McCarthy*, for plaintiff.

*Thomas F. Murphy*, for defendant.